# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VERA BARRERA, *et al.*,          )
                                 )
                  Plaintiff,     )
                                 )
vs.                              )    Case No. 12-1305-MLB-KGG
                                 )
MID AMERICA MANAGEMENT,          )
*et al.*,                        )
                                 )
                  Defendant.     )
_____)

## ORDER ON MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES

In conjunction with their federal court Complaint alleging civil rights discrimination and violations of the Fair Housing Act, Plaintiffs have filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status for each of them (Doc. 3-1, at 1-18).  Having reviewed the motion, the financial affidavits and their Complaint (Doc. 1), the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00"). With this in mind, the Court will look at each Plaintiff individually.

**A.     Vera Barrera**.

In her supporting financial affidavit, Ms. Barrera indicates that she is 44 years old and single. (Doc. 3-1, at 1.) She lists her daughter as a dependent, claiming that she provides $200.00/month for her support. (*Id*., at 2.) Ms. Barrera's daughter, who is also a Plaintiff in this matter, is, however, 22 years old and not a minor. As such, the Court will not consider her to be Ms. Barrera's dependent for purposes of this motion.

Ms. Barrera is currently unemployed and receives a modest, monthly Social Security Disability payment. (*Id*., at 3.) She lists no other sources of income.

2

Plaintiff does not own a home and pays a small amount in monthly rent. (*Id*., at 5.)  She does own a modest automobile outright.  (*Id*., at 4.)  She lists very reasonable amounts for monthly expenses such as groceries, utilities, and automobile insurance.  (*Id*., at 5.)  She also lists a medical bill for which she makes monthly payments.  (*Id*., at 6.)  Given Plaintiff's financial situation, the Court is not surprised that she lists no cash on hand.  (*Id*., at 4.)  She has never filed for bankruptcy.  (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, the Court finds that Ms. Barrera has adequately established that she is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff Barrera leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**B.    Anadelia LeDesma**.

Ms. LeDesma states that she is 22 years old and single, with no dependents. (Doc. 3-1, at 7.)  She indicates that she is currently unemployed and lists no employment history.  (*Id*., at 8-9.)  She lists no income or assets of any source, nor does she list any expenses.  Based on the information contained in Vera Barrera's financial affidavit as well as the Complaint Plaintiffs have filed, the Court surmises that Ms. LeDesma lives entirely off her mother's Social Security Disability

payment.  The Court notes that there is no evidence that Ms. LeDesma herself suffers from any type of disability or infirmary that would render her unable to be gainfully employed.  Regardless, the Court finds that Ms. LeDesma's access to the Court would be significantly impaired if the Court did not allow her to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff LeDesma leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**C.     Anthony Lewis**.

In his supporting financial affidavit, Mr. Lewis indicates that he is 45 years old and single, with no dependents.  (Doc. 3-1, at 13-14.)  He is currently unemployed, but was previously employed by American Airlines for 13 years, earning a modest monthly wage.  (*Id*., at 14-15.)  He lists no current income of any sort and only a small amount of cash on hand.  (*Id*., at 16.)

Mr. Lewis does not own real property, but does own an automobile on which he owes significantly more than the vehicle is worth.  (*Id*., at 15-16.)  He lists only a few monthly bills, including telephone, automobile insurance, and a student loan (payment on which has apparently been deferred).  (*Id*., at 17-18.)

Considering all of the information contained in Mr. Lewis's financial affidavit, the Court is somewhat concerned as to how he is able to meet his

monthly expenses, given his stated lack of income.  Regardless, the Court finds that he has adequately established that he is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff Lewis leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED** as to each Plaintiff.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of January, 2013.

 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge