# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VERA BARRERA, *et al.*,  )
                         )
          Plaintiff,     )
                         )
vs.                      )   Case No. 12-1305-MLB-KGG
                         )
MID AMERICA MANAGEMENT,  )
*et al.*,                )
                         )
          Defendant.     )
_____)

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiffs' Motion to Compel in which they contend that they served a Request for Production on Defendants seeking "COPIES OF LEASES FROM ALL TENANTS EXCEPT PLAINTIFFS' [sic] . . . ." (Doc. 28, emphasis in original.) Plaintiffs contend that Defendants objected to the request on the basis of relevance. Defendants oppose the motion, arguing that Plaintiffs failed to comply with this Court's Rule 37.2 requiring that the parties confer before a motion to compel is filed. As discussed below, Plaintiff's motion is **DENIED** on this basis.

Although Plaintiffs filed a "Certificate of Compliance" (Doc. 30) contending a good faith effort to confer, Plaintiffs have in fact, failed to comply with District of Kansas Rule 37.2. The rule requires that the parties make a

"reasonable effort to confer" prior to filing any motion to compel.  Plaintiffs' certificate merely states that Plaintiffs served their document request, Defendants objected and that, in Plaintiffs' opinion, the documents "ARE PERTINENT TO [Plaintiffs'] CLAIMS . . . ."  (Doc. 30, at 1-2, emphasis in original.)  Based on the information presented to the Court, Plaintiffs made absolutely no effort to confer with defense counsel.  Plaintiffs do not allege that they even sent a letter or attempted to make a phone call to opposing counsel to discuss the discovery dispute prior to filing the present motion to compel.

Plaintiffs are advised that in going forward, the requirements of D. Kan. Rule 37.2 are not satisfied by simply "mailing or faxing a letter to the opposing party" regarding a discovery issue.  The requirements are also not satisfied by written electronic communication.  The rule expressly requires that the Court deny a Motion to Compel unless the "parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."  D. Kan. Rule 37.2.

As stated previously, there is no indication that Plaintiff attempted to contact defense counsel prior to filing the present motion, let alone an indication that the parties spoke directly on this issue.

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding

> compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Stouder v. M & A Technology, Inc.*, No. 09-4113-JAR-KGS, 2011 WL 768738 (D. Kan. Feb. 28, 2011). *See also,* ***Contracom Commodity Trading Co. v. Seaboard Corp.***, 189 F.R.D. 456, 459 (D. Kan. 1999). There is no indication that any of these activities occurred or were even attempted by Plaintiffs. For this reason, the Court is obliged to deny Plaintiffs' motion.

The Plaintiff's Motion to Compel (Doc. 28) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of June, 2013.

                                          S/ KENNETH G. GALE
                                          Kenneth G. Gale
                                          United States Magistrate Judge